United States District Court
Southern District of Texas
**ENTERED**
April 07, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| LEWIS MECHANICAL SALES, INC., § § Plaintiff, § VS. § UNION STANDARD INSURANCE § GROUP, LLC, *et al*, § § Defendants. § | CIVIL NO. 2:16-CV-496 |

# ORDER

Now before the Court are Plaintiff's Motion to Remand, Dkt. No. 7; Defendant Union Standard Insurance Group, LLC's Motion to Dismiss Under FRCP 12(b)(6), Dkt. No. 10; Defendant Union Insurance Company's Motion to Strike Plaintiff's First Amended Petition, Dkt. No. 12; Defendant David Girard's Motion to Dismiss under FRCP 12(b)(6), Dkt. No. 16; Plaintiff's Motion for Leave to File a Second Amended Petition, Dkt. No. 30; Defendant David Girard's Opposed Motion to Quash and for Protective Order, Dkt. No. 37; and Defendant David Girard's Motion to Expedite Hearing, Dkt. No. 40.

## I. Procedural Background[1]

This is a breach of contract of insurance case seeking a judgment for insurance coverage pursuant to legal expenses incurred by Plaintiff in an unrelated state court lawsuit. *See* Dkt. No. 1 at 1. On October 18, 2016, Plaintiff Lewis Mechanical Sales, Inc. ("Lewis Mechanical") filed an original petition alleging a breach of contract claim and seeking damages against Defendants Union Standard Insurance Group, LLC ("Union Standard") and Union Insurance Company ("Union") in the 319th Judicial District Court in Nueces County, Texas. *See* Dkt. No. 1, Ex. B,

---

[1] Throughout this opinion, the Court refers to the parties' pleadings and summary judgment exhibits by the docket numbers they have been assigned under the Federal Judiciary's Case Management/Electronic Case File (CM/ECF) system.

Pl.'s Orig. Pet. [hereinafter Pl.'s Orig. Pet.]. In this petition, Lewis Mechanical states that it is the owner of a "Commercial General Liability Policy" issued by Union Standard and Union, and that it seeks "monetary relief in excess of $100,000 but not more than $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and reasonable and necessary attorney's fees" from these Defendants.[2] *Id.* at ¶¶ 2, 7. On October 31, 2016, Lewis Mechnical served Union with notice of its petition. Dkt. No. 7 at 1. On November 18, 2016, Union timely filed a notice of removal in this Court pursuant to 28 U.S.C. §§ 1441 and 1446, citing 28 U.S.C. § 1332 as the basis for removal providing this Court with subject matter jurisdiction. *See* Dkt. No. 1. On December 15, 2016, Lewis Mechanical served Union Standard with notice of its original petition. Dkt. No. 7 at 1. On December 16, 2016, without seeking leave of the Court, Lewis Mechanical filed a First Amended Petition that adds new claims alleging violations of the Texas Insurance Code and breach of good faith and fair dealing, and adds a new Defendant, David Girard ("Girard"), a Texas resident and Union Standard employee.[3] *See* Dkt. No. 6. On the same day, Lewis Mechanical filed an opposed motion to remand, arguing the Court lacks jurisdiction over this action for want of complete diversity between the parties. *See* Dkt. No. 7. Union responded to Lewis Mechanical's motion to remand on January 6, 2017, arguing that removal was proper as any non-diverse Defendants in this action were improperly joined. Lewis Mechanical replied to this response two months later, on March 7, 2017.[4] Dkt. No. 33.

---

[2] "Texas Rule of Civil Procedure 47 specifically requires [a] plaintiff to plead into one of five monetary categories, of which '$100,000 or less' is the lowest." *Findley v. Allied Finance Adjusters Conference, Inc.*, 2015 WL 7738077 at *2 (S.D.Tex. Dec. 1, 2015) (unpublished opinion) (citing to Tex. R. Civ. P. 47).

[3] Lewis Mechanical identifies Girard as "the litigation specialist [who] adjusted the claim at issue in this litigation for [Union Standard] and [Union]." Dkt. No. 6 at 4. Girard identifies himself as "a Litigation Specialist for and employed by Union Standard Insurance Group" (an "operating unit of Berkley Insurance Company") who "adjust[s] claims for various entities, including Union Insurance Company." Dkt. No. 1-3, Aff. of Girard.

[4] As Lewis Mechanical missed its deadline to reply by over forty-five days and did not ask for leave to file an untimely reply or otherwise justify its late reply, the Court will not consider this pleading here. *See* Chambers Civ. P. §5D.

Meanwhile, Union Standard filed a motion to dismiss Lewis Mechanical's original petition pursuant to Federal Rule of Civil Procedure 12(b)(6) on January 5, 2017, Dkt. No. 10, and filed an answer to this petition on January 5, 2017, Dkt. No. 11. On January 6, 2017, Union filed a motion to strike Lewis Mechanical's first amended petition. Dkt. No. 12. Girard filed a Rule 12(b)(6) motion to dismiss the claims against him as alleged in Lewis Mechanical's first amended petition on January 25, 2017, Dkt. No. 16, and filed an answer to this first amended petition on January 25, 2017, Dkt. No. 17. Lewis Mechanical responded to Union Standard's motion to dismiss on January 26, 2017, Dkt. No. 18, and to its motion to strike on January 27, 2017, Dkt. No. 19. Union Standard replied to these responses on February 7, 2017, Dkt. No. 20, and February 9, 2017, respectively. On February 15, 2017, Lewis Mechanical responded Girard's motion to dismiss, Dkt. No. 24, to which Girard replied on March 1, 2017.

On March 6, 2017, Lewis Mechanical moved for leave to file a second amended petition, seeking to provide additional detail in support of its claims. Dkt. No. 30. Defendants responded collectively to this motion on March 27, 2017, alleging that it was untimely filed, and in any event is unsupported by good cause. Dkt. No. 36. Finally, on March 29, 2017, Girard filed an opposed motion to quash in regard to a notice of deposition and subpoena duces tecum served by Lewis Mechanical, Dkt. No. 37, and supported this motion in a declaration timely filed on April 3, 2017, Dkt. No. 39. On April 6, 2017, Girard filed a motion to expedite hearing pursuant to his opposed motion to quash, Dkt. No. 40.

## II. Pending Motions
### a. Motion to Remand

Federal district courts have original jurisdiction in civil actions where the matter in controversy exceeds $75,000 and complete diversity exists between the parties. 28 U.S.C. § 1332(a). District courts also have removal jurisdiction over any civil action within their original jurisdiction. *Id.* § 1441(a). Accordingly, a civil action filed in state court may be removed to the district court if the matter in

controversy exceeds $75,000 and complete diversity exists between the parties, provided that no defendant is a resident of the forum state. *See id.* § 1332(a); *see also id.* § 1441(a)–(b). For the purpose of determining federal diversity jurisdiction, a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Here, the parties agree that more than $75,000 in damages are in dispute, but disagree as to the citizenship of Union, and as to whether Union Standard and Girard are proper defendants in this action whose citizenship the Court must account for in its jurisdictional analysis.

The doctrine of "fraudulent" or "improper" joinder prevents a district court "from exercising jurisdiction over a suit in which any party, by assignment or otherwise, has been improperly or collusively joined to manufacture federal diversity jurisdiction."[5] *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 572 (5th Cir. 2004) (en banc), cert. denied, 544 U.S. 992 (2005). The Fifth Circuit has "recognized two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 573. In either case, "the burden is on the removing party to prove that the joinder of the in-state parties was improper[.]" *Id.* at 575. As to the second means of showing improper joinder, the germane question is "whether the Defendant has demonstrated that there is no possibility of recovery by the Plaintiff against an in-state defendant." *Id.* To assess this issue, the court "may conduct a Rule 12(b)(6)-like analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* at 573. Additionally, where a plaintiff "has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.*

---

[5] The Fifth Circuit employs "improper joinder" not "fraudulent joinder" to describe what is prohibited by 28 U.S.C. §§ 1359 and §1441(a), the statute addressing "proper" joinder, although the terms are substantively synonymous. *See* Smallwood, 385 F.3d at 572, n.1.

In its notice of removal of this action, Union, an Iowa corporation, alleges that it is the only proper Defendant in this action, and that, as a non-local Defendant, it is entitled to remove this action under § 1441(b)(2). Specifically, Union alleges that Union Standard, a Texas corporation, has "no relation . . . to the insurance policy at the center of [Lewis Mechanical's] breach of contract claim," and was improperly joined by Lewis Mechanical to defeat diversity. Dkt. No. 1 at 3, 5. In Lewis Mechanical's motion for remand, filed after the addition of Girard, a Texas resident, to its first amended petition, Lewis Mechanical argues that Union's removal of this action was inappropriate because: (i) Union has not shown that Union Standard was improperly joined in this action, (ii) Union Standard did not consent to removal, in violation of 28 U.S.C. § 1446(b)(2)(A), (iii) Union is actually a non-diverse Texas citizen, and (iv) Girard, too, is a non-diverse defendant whose presence in this action strips the Court of jurisdiction over Lewis Mechanical's claims. *See* Dkt. No. 7. Union's response to Lewis Mechanical's motion specifically denies each of these arguments and alleges that: (i) Union Standard was indeed improperly joined, as Lewis Mechanical has no possible claim against it, (ii) Union Standard's consent to removal was not required because it had not been properly served by the time Union filed its removal petition, (iii) Union is indeed diverse from Lewis Mechanical, as both its headquarters and principal place of business are in Iowa, and (iv) Girard was improperly joined in Lewis Mechanical's first amended petition, which in any case should be struck as it was filed without leave of court. *See* Dkt. No. 13.

As to whether Union Standard was properly joined, the parties do not dispute that this company is a Texas corporation which maintains its principal place of business in Texas. *See* Dkt. No. 7 at 4. The Court's analysis here therefore hinges on whether Lewis Mechanical can possibly establish a cause of action against Union Standard. Union alleges that it cannot, as Union alone issued the insurance policy underlying Lewis Mechnical's breach of contract claim, while Union Standard "was not involved" in issuing this policy or in adjusting Lewis Mechanical's claim under this policy. Dkt. No. 13 at 5. In its original petition, Lewis Mechanical states that its

insurance policy was issued by both Union and Union Standard. *See* Dkt. No. 1-2 at 2. Additionally, in its motion to remand, Lewis Mechanical asserts that it has a viable claim against Union Standard because it has received letters on Union Standard letterhead, including letters sent by Girard, a Union Standard employee who has admitted to his involvement in adjusting Lewis Mechanical's policy claim. *See* Dkt. 7 at 4, Dkt; No. 16 at 2. Yet Union makes no secret of its relationship to Union Standard, and neither do these letters. For instance, in an initial letter to Lewis Mechanical memorializing its purchase of an insurance policy with Union, the letterhead reads "Union Standard Insurance Group, a W.R. Berkley Company," yet clarifies that the letter is sent "on behalf of" various insurance companies, including Union. Dkt. No. 7-1 at 3. Additionally, the letterhead and Girard's email signature both include identical language admonishing their readers to "[r]efer to the policy for the applicable insurer, each of which has sole financial responsibility for its own products and services." Dkt. No. 7-1 at 5-6. Meanwhile, Girard states that he assisted in adjusting Lewis Mechanical's claim not on Union Standard's behalf, but instead "in his capacity as an agent for Union," and supports this assertion with a sworn affidavit. Dkt. No. 16 at 2; Dkt. No. 1-3, Aff. of Girard. Finally, Union submits with its response to Lewis Mechanical's motion to remand the entirety of its policy with Lewis Mechanical, which lists "Union Insurance Company" as the issuing insurer, and makes no reference to Union Standard. *See* Dkt. No. 13, Ex. B.

      Based on the foregoing, it is clear that while Union is a member of the "Union Standard Insurance Group," it is a separate corporate entity that contracted independently with Lewis Mechanical to provide it with the insurance policy at issue in this litigation. Despite what its original petition asserts, therefore, Lewis Mechanical has no possible breach of contract claim against Union Standard. For this reason, the Court finds that Union Standard was improperly joined in this action.[6] Accordingly, Lewis Mechanical's second argument for remand, which

---

[6] The extent the Court's analysis might differ with respect to additional claims raised in Lewis Mechanical's first amended petition is irrelevant here, as the Court strikes this petition herein.

asserts that remand is required because Union Standard did not consent to its removal, fails too. A removal petition is only per se defective where all properly joined and served defendants have not consented to removal. *Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988). Here, not only is it undisputed by the parties that Union Standard was not served by Lewis Mechanical until after Union removed this action, but the Court additionally finds that Union Standard is not a properly joined defendant in this action. Union Standard's consent was therefore not required before Union removed this action.

Lewis Mechanical also asserts that Union itself is not actually an Iowa corporation, but instead a local defendant, on the basis that it has a San Antonio address. Dkt. No. 7 at 2-3. Yet corporate citizenship for diversity purposes looks to where an entity is incorporated and where it has its "principal place of business," not merely to any jurisdiction in which it operates. *See* § 1332(c)(1). The parties do not dispute that Union is incorporated in Iowa, leaving only the location of its principal place of business in issue. Union states that, while it has many offices in the United States, its principal place of business is also in Iowa. Dkt. No. 13 at 2-4. It submits evidence to support this assertion, including the affidavit of Ty Simmons ("Simmons"), Union's Vice President, General Counsel, and Secretary, in which Simmons states that "[t]he overall operations for Union are directed, coordinated, and controlled at Union's corporate headquarters in Urbandale Iowa, including all financial compliance, the preparation of all financial statements, and the issuance of all claim payments and other checks." Dkt. No. 13-1, Aff. of Simmons. This description is sufficient to evidence Union's claim that its principal place of business is in Iowa, not Texas. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (describing the "nerve center" of a corporation as its principal place of business.) The Court therefore finds Union's presence as a defendant in this action does not destroy removal jurisdiction.

Lewis Mechanical's final claim with respect to its motion for remand is that removal is improper here as Girard, a Texas resident, has been joined in this action pursuant to its first amended petition and destroys the complete diversity necessary

for this Court to retain jurisdiction. Yet this claim too is unavailing, as the Court strikes this first amended petition herein.

For all of the foregoing reasons, Lewis Mechanical's Motion to Remand, Dkt. No. 7, is **DENIED**.

### b. Union Standard's Motion to Dismiss

The Court's "12(b)(6)-like" analysis of whether Union Standard is a properly joined defendant in this action found that Lewis Mechanical failed to state a viable claim, let alone a plausible claim, against Union Standard in its original petition. For this reason, and because the Court herein strikes Lewis Mechanical's first amended petition and denies its motion to file a second amended petition, the Court **GRANTS** Union Standard's Motion to Dismiss Under FRCP 12(b)(6), Dkt. No. 10.

### c. Union's Motion to Strike Lewis Mechanical's First Amended Petition

Typically, plaintiffs may file an amended complaint once as a matter of right, without moving for leave of court, and district courts should freely grant leave to amend pleadings at any time "when justice so requires." Fed. R. Civ. P. 15(a). Yet greater scrutiny is required where a prospective amended pleading names "a new nondiverse defendant in a removed case." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987); *see also Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363, 368 (5th Cir. 2010) ("When a plaintiff seeks to add a non-diverse defendant whose joinder would defeat federal jurisdiction, the district court must consider the *Hensgens* factors.") Specifically, in such a case "the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for the amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.* Here, these factors weigh against allowing Lewis Mechanical leave to file its first amended petition.

Lewis Mechanical missed its deadline to file an amended petition as a matter of right under Rule 15(a), which allows parties this right within 21 days of serving

an initial petition. Fed. R. Civ. P. 15(a)(1). Further, Lewis Mechanical did not ask for leave of court or Union's consent before filing its first amended petition. *See* Fed. R. Civ. P. 15(a)(2). These bases alone would be enough for the Court to grant Union's motion to strike Lewis Mechanical's first amended petition. Yet the Court will also consider the *Hensgens* factors listed above here, as Lewis Mechanical has moved for leave to file a second amended petition attempting to join the same defendants and adding the same claims incorporated in its first amended petition. *Compare* Dkt. Nos. 6 and 31.

<u>Whether the purpose of the amendment is to defeat federal jurisdiction</u>

It is unavoidably telling that Lewis Mechanical sought to add Girard as a defendant in its first amended petition on the very day it filed its motion to remand, which argues that remand is required, in part, as a result of Girard's Texas citizenship. Yet, despite the first *Hensgens* factor's focus on the "purpose" of amendment, the Fifth Circuit has also warned that in assessing improper joinder and a plaintiff's ability to recover against an in-state defendant, "the motive or purpose of the joinder of in-state defendants is not relevant." *Smallwood,* 385 F.3d at 573-74. These holdings can be reconciled by confining the *Hensgens* analysis of the "purpose" of an amendment to an objective assessment of its language and the circumstances under which it was filed. Thus: "In analyzing the first *Hensgens* factor, courts consider 'whether the plaintiff knew or should have known the identity of the non-diverse defendant when the state court complaint was filed' and whether the plaintiff states a valid claim against the non-diverse defendant." *Richardson v. Wal-Mart Stores Texas, LLC*, 192 F.Supp.3d 719, 726 (S.D.Tex. 2016).

When Lewis Mechanical filed its state-court complaint against Union and Union Standard on October 18, 2016, it brought only a common-law breach of contract claim, and did not join Girard. *See* Pl.'s Orig. Pet. Yet Lewis Mechanical attaches to its motion to remand letters sent by Girard dating from March 31, 2015 through June 22, 2016 relating to Union's denial of insurance coverage to Lewis Mechanical under the policy at issue. *See* Dkt. No. 7-1. These letters affiliate Girard

9 / 13

with Union, and involve representations that might make the basis of at least the Texas Insurance Code violations Lewis Mechanical's first amended petition seeks to bring against him. *Id.* The Court therefore finds that at the time it filed its original petition, Lewis Mechanical knew or should have known Girard's identity.

Substantively, Lewis Mechanical describes its first amended petition as "add[ing] claims for violations of the Texas Insurance Code and misrepresentation against Mr. Girard, individually." Dkt. No. 7 at 5. Yet the petition itself makes broad claims against "Defendants" Union, Union Standard, and Girard that do not differentiate between the alleged acts of each. *See* Dkt. No. 6 at 6. In fact, Lewis Mechanical argues that it is effectively impossible to disentangle the roles of each party, alleging that "the true relationship between the entities is unknown, mysterious, and intentionally confusing" as a basis for its claim all that "Defendants [Union Standard] and [Union] are vicariously liable for the acts of each other, their agents, affiliates, and/or parent corporations[.]" *Id.* When Lewis Mechanical drafted its first amended petition, however, it had information at its disposal about Union and Union Standard's corporate forms and their legal relationship to each other and to Girard, per Union's notice of removal. The non-specific alter ego allegations contained in Lewis Mechanical's first amended petition are not, therefore, substantively compelling. Nor are they specific enough to state a plausible claim against Girard. *See Richardson*, 192 F.Supp.3d at 722 ("In keeping with *Smallwood*, the Fifth Circuit recently confirmed that the district court applies the federal 12(b)(6) pleading standard to judge the sufficiency of the plaintiff's complaint for the purposes of the improper joinder analysis.") (citing *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 205 (5th Cir. 2016)).

Accordingly, the Court finds that the purpose of Lewis Mechanical's first amended petition is to defeat jurisdiction.

<u>Whether Lewis Mechanical was dilatory in amending</u>

Where a "proposed amendment would add a non-diverse defendant after removal and therefore defeat diversity jurisdiction. . . a delay in making the request to amend of two months after filing the original complaint or thirty days after the

notice of removal has been found dilatory." *Richardson*, 192 F.Supp.3d at 727 (citations omitted). Here, Lewis Mechanical filed its first amended petition precisely two months after filing its original petition in state court, and approximately one month after Union filed its notice of removal. Additionally, Lewis Mechanical had knowledge of Girard's identity before filing its original petition. The Court therefore finds that Lewis Mechanical was dilatory in seeking to amend its original petition.

### Injury to Lewis Mechanical if amendment is not allowed

Relevant to assessing Lewis Mechanical's injury if its first amended petition adding claims and Girard as a defendant is not allowed is whether Lewis Mechanical "can be afforded complete relief in the absence of the amendment." *Richardson*, 192 F. Supp. at 727. Lewis Mechnical's initial petition seeks breach of insurance contract damages. Disallowing the joinder of Girard in an amended petition will not affect Lewis Mechanical's ability to seek this relief. Nor is there any reason to expect that, absent Girard's presence in this litigation and Lewis Mechanical's inability to bring claims against Girard individually, Lewis Mechanical will not be able to satisfy any successful breach of contract claim, or even any Texas Insurance Code or breach of good faith and fair dealing claim, it might allege against Union. The Court therefore finds the injury to Lewis Mechanical from disallowing its first amended petition is slight.

### Other equitable factors

The Court is not aware of any equitable factors which would weigh substantially against denying Lewis Mechanical leave to file its first amended petition.

According to its analysis of all of the *Hensgens* factors, the Court **GRANTS** Defendant Union Insurance Company's Motion to Strike Plaintiff's First Amended Petition, Dkt. No. 12.

### d. Lewis Mechanical's Motion for Leave to File a Second Amended Petition

Lewis Mechanical's motion for leave to file its second amended petition states that it was filed to provide "additional information regarding its claims." Dkt. No. 30 at 2. The proposed petition itself in fact differs very little in substance from Lewis Mechanical's first amended petition, and still lists both Union Standard and Girard as defendants. As the Court has found as a matter of law that Union Standard is an improperly joined defendant in this action, it would deny Lewis Mechanical's motion on this ground alone. Yet for clarity of record, the Court additionally advises Lewis Mechanical here that it will not consider any amended petition that seeks to add Girard as a defendant, pursuant to the *Hensgens* analysis above.

Again, the first *Hensgens* factor looks to whether Lewis Mechanical knew or had reason to know of a putative defendant's identity before filing an initial complaint, and whether a plaintiff has stated a valid claim against a non-diverse putative defendant. Theoretically, the second prong of this analysis could demand a different outcome every time Lewis Mechanical seeks to amend its petition and join a non-diverse defendant. Indeed, in the second amended petition Lewis Mechanical seeks to file, specific and individual claims against Girard are articulated pursuant to the Texas Insurance Code that might, unlike the claims in Lewis Mechanical's first amended petition, satisfy a Rule 12(b)(6) analysis. Further, contrary to what Union argues in its motion to strike Lewis Mechanical's first amended petition, "Texas law clearly authorizes [Chapter 541] actions against insurance adjusters in their individual capacities." *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 282 (5th Cir. 2007). Yet while nothing prevents Lewis Mechanical from moving for leave to file another amended complaint incorporating new common law and statutory claims against Union, the Court here holds that the remainder of the *Hensgens* factors will always bar Lewis Mechanical from adding Girard as a defendant in this action.

12 / 13

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Leave to File a Second Amended Petition, Dkt. No. 30.

### e. Girard's Motion to Dismiss, Motion to Quash and for Protective Order, and Motion to Expedite Hearing

As the Court dismisses here Girard as a Defendant in this action, it **STRIKES AS MOOT** the remainder of his pending motions, Dkt. Nos. 16, 37, and 40.

## III. Conclusion

For the foregoing reasons, the Court:

- **DENIES** Plaintiff's Motion to Remand, Dkt. No. 7;
- **GRANTS** Union Standard Insurance Group, LLC's Motion to Dismiss Under FRCP 12(b)(6), Dkt. No. 10;
- **GRANTS** Defendant Union Insurance Company's Motion to Strike Plaintiff's First Amended Petition, Dkt. No. 12;
- **DENIES** Plaintiff's Motion for Leave to File a Second Amended Petition, Dkt. No. 30; and
- **STRIKES AS MOOT**:
  - David Girard's Motion to Dismiss under FRCP 12(b)(6), Dkt. No. 16;
  - David Girard's Opposed Motion to Quash and for Protective Order, Dkt. No. 37; and
  - David Girard's Motion to Expedite Hearing, Dkt. No. 40.

Accordingly, the Court additionally directs the Clerk to **DISMISS** Union Standard Insurance Group, LLC and David Girard from this action.

It is so ORDERED.

SIGNED this 7th day of April, 2017.

_____
Hilda Tagle
Senior United States District Judge